Diarra v. Lynch

BIA
Sichel, IJ
A095 515 035

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand sixteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

LASSINA DIARRA,
*Petitioner,*

v.                                              15-216
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         W. Norwood, Senior Litigation
                         Counsel; Colin J. Tucker, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lassina Diarra, a native and citizen of the Ivory Coast, seeks review of a December 31, 2014, decision of the BIA affirming a July 11, 2013, decision of an Immigration Judge ("IJ") denying Diarra's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lassina Diarra,* No. A095 515 035 (B.I.A. Dec. 31, 2014), *aff'g* No. A095 515 035 (Immig. Ct. N.Y. City July 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Diarra challenges the agency's finding that his asylum application was frivolous, which rendered him permanently ineligible for any immigration benefits, save withholding of removal and CAT relief.  8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20.  To find an asylum application frivolous, an IJ must (1) give the alien notice of the consequences of filing a frivolous application; (2) make a specific finding that the alien knowingly filed a frivolous application; (3) identify sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) allow the alien sufficient opportunity to account for any discrepancies or implausible aspects of the claim.  8 C.F.R. § 1208.20; *Matter of Y-L*, 24 I. & N. Dec. 151, 154 (BIA 2007).

Diarra testified that he arrived in the United States on May 1, 2007, using a friend's passport.  That date was material: it made the application timely.  Absent timely filing, Diarra was ineligible for asylum.  The agency found that Diarra deliberately fabricated his date of arrival, citing a

3

"US-Visit" document, which showed that the friend, not Diarra, arrived that day. Diarra does not dispute that the IJ warned him about the consequences of filing a frivolous application and made a specific finding. The only issues are whether the US-Visit document was sufficient to ground the finding and whether Diarra had an adequate opportunity to explain the conflict between that document and his application.

Diarra argues that consideration of the US-Visit document was "fundamentally unfair," in violation of due process, and therefore cannot ground a frivolous application finding. He challenges the document's trustworthiness. According to the Government, the US-Visit document is driven by fingerprints, which are unique, but the document here contained photographs of two men (neither one was Diarra). He cites the fact that the document was not authenticated as required by the two relevant hearsay exceptions, for business records and public records, Fed. R. Evid. 803(6), 803(8), and by agency regulation, 8 C.F.R. § 1287.6. Diarra also contends that by "springing" the document on him at the last minute, he had no opportunity to prepare a defense.

4

"The government is not required to comply with either the requirements of the Federal Rules of Evidence or the heightened procedural protections of a criminal trial when seeking to have documentary evidence . . . admitted in a removal proceeding." *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006). The due process test for admissibility of evidence in a deportation hearing "is whether the evidence is probative and whether its use is fundamentally fair." *Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir. 1996) (internal citation and punctuation omitted). "In the evidentiary context, fairness is closely related to the reliability and trustworthiness of the evidence." *Id*.

Diarra challenges the US-Visit document as unreliable, arguing that it purported to rely on fingerprints, which are unique, but inexplicably contained photographs of two different men. As the Government notes, Diarra did not exhaust this argument before the BIA, and so we decline to consider it. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (explaining that this Court's review is limited to "those issues that formed the basis for" the BIA decision).

That leaves questions of procedure: whether the Government was required to call a witness to authenticate the US-Visit document, and whether Diarra had adequate notice of the document. There was no due process violation on either score.

Diarra cites Federal Rules of Evidence 803(6) (business record exception) and 803(8) (public records exception), which require authentication. But the rules of evidence do not apply in removal proceedings. *Felzcerek*, 75 F.3d at 116.

He also cites an agency regulation, 8 C.F.R. § 1287.6, which provides that "an official record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or by a copy attested by the official having legal custody of the record or by an authorized deputy." 8 C.F.R. § 1287.6(a). Here, no witness testified to the authenticity of the US-Visit document. However, the Government attorney explained, on the record, that she searched a Department of Homeland Security ("DHS") database for the visa and passport number on which Diarra claimed to have entered, and that the US-Visit document was the result. The Government attorney thus had "legal custody" of the document by virtue of her access to the DHS database, and the IJ had the discretion

6

to find that her description of how she retrieved the document authenticated it. 8 C.F.R. § 1240.1(c)("The immigration judge shall receive and consider material and relevant evidence, rule upon objections, and otherwise regulate the course of the hearing.").

The second question is whether Diarra was deprived the opportunity to prepare a defense. He was not. After Diarra testified to entering the United States on May 1, 2007, the IJ asked the Government to ascertain whether DHS documents reflected that entry. The IJ took an extended lunch break for Diarra to review his written asylum application with his attorney and for the Government attorney to retrieve the relevant information from the DHS database. After the break, Diarra declined to correct or amend his written application, and the IJ warned him about the consequences of filing a frivolous asylum application. The Government then confronted Diarra with the US-Visit document and gave him the chance to explain the dramatic discrepancy between it and his testimony. *Cf. Ming Shi Xue v. BIA*, 439 F.3d 111, 123 (2d Cir. 2006)(deeming it "appropriate to require administrative decisionmakers to afford applicants an opportunity to address such latent or

7

otherwise not obvious or 'dramatic' discrepancies before depending on them as a basis for a determination of no credibility"). At the end of the hearing, the IJ invited Diarra's counsel to submit a written closing statement, advising that she was "leaning" toward imposing a frivolous filing bar. The attorney declined. Diarra thus "had sufficient opportunity to account for any discrepancies or implausible aspects" of his claim. 8 C.F.R. § 1208.20.

## Adverse Credibility Determination

The next question is whether substantial evidence supports the agency's adverse credibility determination against Diarra. Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "we defer . . . to an IJ's credibility determination unless, from the totality of the

8

circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 165, 167.

The adverse credibility determination here rests on substantial evidence: the US-Visit document. That document cast into doubt Diarra's testimony that he arrived in the United States in 2007 and, in turn, his claim to have fled the Ivory Coast because his father's store was ransacked that year.

The IJ cited two other inconsistencies in finding that Diarra was not credible. One was that Diarra's "asylum application failed to indicate that he was arrested" in the Ivory Coast. But the application did describe an arrest.

The second inconsistency cited by the IJ was that Diarra's application "states that he was a member of the RDR," a political party in the Ivory Coast, but he "testified repeatedly that he was never a member of any political party." On this score, the application was muddled. In it, Diarra twice denied being a member of a political party. But then, after describing harassment suffered by his family, it said, "All this because my membership with the Rally of the Republicans (RDR) since September 2002." When confronted with this statement, Diarra

9

explained that the application's preparer made a mistake. This is a plausible explanation--that one sentence contradicted the remainder of Diarra's application and his testimony at the hearing. But under the highly deferential standard of review, we cannot conclude that the agency was compelled to accept it. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible). Moreover, contrary to Diarra's argument, the IJ did "actively appraise" the explanation: she rejected it.

The US-Visit document cast doubt on the timeliness of Diarra's asylum application and the root of his claim. The totality of the circumstances therefore supports the adverse credibility determination. Because all forms of relief (asylum, withholding of removal, and CAT relief) were based on the same factual predicate, the adverse credibility determination is dispositive of all three. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We decline to reach the agency's alternative finding that Diarra failed to meet his burden of proof. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make

10

findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11